# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CORVES K. GILMORE,<br><br>                      Petitioner,<br><br>v.<br><br>DEPUTY CHIEF HASS, et al.,<br><br>                      Respondents. | Case No. 2:24-cv-00247-GMN-DJA<br><br>**DISMISSAL ORDER** |

*Pro se* Petitioner Corves K. Gilmore[1] has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and paid his filing fee. (ECF Nos. 1-1 ("Petition"), 6.)  This matter comes before this Court for review under the Rules Governing Section 2254 Cases ("Habeas Rules").  For the reasons discussed below, Gilmore's Petition is dismissed without prejudice because his claims are unexhausted and conclusory.

**I.	BACKGROUND**[2]

Gilmore challenges a conviction and sentence imposed by the Las Vegas Justice Court ("state justice court"). *State of Nevada v. Corvez Gilmore*, 23-CR-008444.  Pursuant to a *nolo contendere* plea, Gilmore was convicted of Driving Under the Influence and Petit Larceny, both misdemeanors.  According to the Clark County Detention Center's website, Gilmore is scheduled

---

[1] Petitioner's first name is spelled Corvez on some state court records.

[2] Judicial notice is taken of the docket records of the Las Vegas Justice Court and Eighth Judicial District Court for Clark County Nevada, available at https://lvjcpa.clarkcountynv.gov/Anonymous/Search.aspx?ID=100 and https://www.clarkcountycourts.us/Portal/Home/.

to be released from jail on March 24, 2024. The Eighth Judicial District Court's website does not display that Gilmore has filed any sort of appeal.

## II. DISCUSSION

Habeas Rule 4 requires the assigned judge to review the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). Gilmore's Petition is plagued with defects.

### A. Exhaustion

A state prisoner first must exhaust state court remedies before presenting that claim to the federal courts. 28 U.S.C. § 2254(b)(1)(A). This exhaustion requirement ensures that the state courts, as a matter of comity, will have the first opportunity to address and correct alleged violations of federal constitutional guarantees. *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991). "A petitioner has exhausted his federal claims when he has fully and fairly presented them to the state courts." *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999). To satisfy the exhaustion requirement, a claim must have been raised through one complete round of either direct appeal or collateral proceedings to the highest state court level of review available. *O'Sullivan*, 526 U.S. at 844–45; *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*). A properly exhausted claim "'must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.'" *Woods*, 764 F.3d at 1129 (quoting *Gray v. Netherland*, 518 U.S.

152, 162–63 (1996)); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

Gilmore has not filed an appeal with the Eighth Judicial District Court, challenging his judgment of conviction from the state justice court. *See* Nev. Rev. Stat. § 177.015(1)(a) ("The party aggrieved in a criminal action may appeal . . . [t]o the district court of the county from a final judgment of the justice court."); Nev. Rev. Stat. § 189.010 ("[A] defendant in a criminal action tried before a justice of the peace may appeal from the final judgment therein to the district court of the county where the court of the justice of the peace is held, at any time within 10 days from the time of the rendition of the judgment."); Nev. Const. art. 6, § 6; *Sandstrom v. Second Judicial Dist. Court of State*, 119 P.3d 1250, 1252 (Nev. 2005) ("The power of the district courts to entertain appeals from justice court orders is firmly rooted in the Nevada Constitution."); *see also McMonagle v. Meyer*, 802 F.3d 1093, 1097 (9th Cir. 2015) (explaining that the Court looks to state law to determine the process for direct review of a misdemeanor conviction). Because the Eighth Judicial District Court has not had an opportunity to redress any violation of Gilmore's constitutional rights, the claims in Gilmore's Petition are unexhausted.

**B.    Conclusory claims**

Rule 2(c) of the Habeas Rules requires a federal habeas petitioner to specify all grounds for relief and "state the facts supporting each ground." Notice pleading is not sufficient to satisfy the specific pleading requirements for federal habeas petitions. *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (noting that Rule 8(a) of the Federal Rules of Civil Procedure requires only "fair notice" while Habeas Rule 2(c) "is more demanding," explaining that mere legal conclusions without facts are not sufficient—"it is the relationship of the facts to the claim asserted that is important"). Mere conclusions of violations of federal rights without specifics do not state a basis for habeas corpus

relief. *Id*. at 649; *Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).  A claim for relief is facially plausible when the pleading alleges facts that allow the court to draw a reasonable inference that the petitioner is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although *pro se* pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), conclusory allegations unsupported by specific facts are subject to summary dismissal. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

In his Petition, Gilmore alleges that (1) his right to stand trial was violated, (2) his right not to be falsely imprisoned was violated, and (3) his right to confront his accusers was violated. (*See* ECF No. 1-1.)  Importantly, Gilmore did not include any facts supporting these three grounds for relief. (*See id*.)  Because Gilmore's claims contain legal conclusions without supporting facts, his claims do not state a basis for federal habeas relief.

### III.     CONCLUSION

It is therefore ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1) is dismissed without prejudice.  A certificate of appealability is denied, as reasonable jurists would not find the dismissal of this action without prejudice to be debatable or wrong.

It is further ordered that the Clerk of the Court (1) file the Petition (ECF No. 1-1), (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents, (3) informally serve Respondents by sending a notice of electronic filing to the Nevada Attorney General's office of the Petition (ECF No. 1-1), this Order, and all other filings in this matter by regenerating the notices

of electronic filing,[3] (4) enter final judgment dismissing this action without prejudice, and (5) close this case.

Dated: March 8, 2024

_____
Gloria M. Navarro, Judge
United States District Court

---

[3] No response is required from respondents other than to respond to any orders of a reviewing court.